## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| QUENTON GALVIN AND JACOB MEISTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | Case No. |
| ILLINOIS REPUBLICAN PARTY, ILLINOIS | ) | |
| HOUSE REPUBLICAN ORGANIZATION, | ) | |
| RODERICK DROBINSKI, FRIENDS OF | ) | JURY DEMANDED |
| ROD DROBINSKI, JAMESTOWN ASSOCIATES, LLC, | ) | |
| AND MAJORITY STRATEGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, QUENTON GALVIN and JACOB MEISTER, by their counsel, David A. Axelrod and Jason M. Kleinman for their Complaint against Defendants, ILLINOIS REPUBLICAN PARTY, ILLINOIS HOUSE REPUBLICAN ORGANIZATION, RODERICK DROBINSKI, FRIENDS OF ROD DROBINSKI, JAMESTOWN ASSOCIATES, LLC, AND MAJORITY STRATEGIES, INC. state as follows:

## GENERAL ALLEGATIONS
### Nature of the Case

1.      This case involves copyright infringements and an invasion of privacy arising out of the use of a photograph beginning on or about October 2, 2014.   On or about October 2, 2014, the Defendants intentionally authorized, printed and mailed several thousand 8.5" x 17" flyers with two copies of a picture of Plaintiff, Jacob Meister. This picture was taken and copyrighted by Quenton Galvin who had authorized Sam Yingling, a Member of the Illinois House of Representatives from the 62nd District and a candidate for reelection to that office, to post the picture on his campaign website.   Mr. Galvin owns the copyright on this photograph. The

Defendants had no right to publish or otherwise use the photograph. In addition, Mr. Meister is a private individual who has never held public office. The use of his image on the flyer was a clear violation of his right to privacy and constitutes defamation.

## Parties

2.      Plaintiff, Quenton Galvin ("Galvin"), is a resident and citizen of Lake County, Illinois.

3.      Plaintiff, Jacob Meister ("Meister"), is a resident and citizen of Cook County, Illinois.

4.      Defendant, Illinois Republican Party, is an Illinois Corporation with its principal place of business located in the State of Illinois, but doing business throughout the entire state. The address of the registered agent for Illinois Republican Party is 55 W. Monroe Street, # 940, Chicago, IL 60603.

5.      Defendant, Illinois House Republican Organization ("IHRO"), is an Illinois organization that supports Republican candidates for the House of Representatives of the Illinois General Assembly.

6.      Defendant, Roderick Drobinski ("Drobinski"), is a resident and citizen of Lake County, Illinois.

7.      Defendant, Friends of Rod Drobinski ("Friends"), is an Illinois organization dedicated to electing Rod Drobinski for State Representative for the 62nd Legislative District.

8.      Defendant, Jamestown Associates, LLC ("Jamestown"), is a New Jersey Corporation that provides Republican political consulting throughout the United States.

2

9.      Majority Strategies, Inc. ("Majority") is a Florida Corporation that provides direct mail service in politics and public affairs throughout the United States.

## Jurisdiction and Venue

10.     Jurisdiction in this case arises under 28 U.S.C. § 1331 based on a federal question. This Court also has jurisdiction in this case over the state law claim pursuant to 28 U.S.C. § 1367(a) based on supplemental jurisdiction.

11.     This Court has personal jurisdiction over the Defendants because the advertisement was sent solely to Illinois residents and the defamatory statements made by Defendants were published in Illinois.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all or a substantial portion of the events that gave rise to Plaintiffs' claims transpired in Lake County, Illinois.

## Factual Background

13.     At all relevant times herein, Plaintiff Galvin was a photographer.

14.     At all relevant times herein, Plaintiff Meister, was a private citizen.

15.     At all relevant times herein, Defendant Drobinski was an Illinois resident running for Illinois State Representative against SamYingling for the 62nd Legislative District.

16.     On August 16, 2014, Plaintiff Galvin took a photograph titled, "Meister Driving In Parade" ("the Photograph") of Plaintiff Meister while Plaintiff Meister was participating in a parade in Grayslake, Illinois.   (A copy of the Photograph is attached hereto as Exhibit A.)

17.     The Photograph depicts Plaintiff Meister sitting behind the driver's wheel of an automobile owned by his sister with a poster on the side advertising Sam Yingling for State Representative.

18.     With Plaintiff Galvin's permission, the Photograph was published on the Sam Yingling campaign website, www.samyingling.com.

19.     On or about October 2, 2014, Defendants authorized, printed and mailed several thousand 8.5" x 17" flyers ("the Flyer") that contained two copies of the Photograph of Plaintiff Meister, one on each side of the Flyer.   (A copy of the Flyer is attached hereto as Exhibit B). The Photograph was electronically altered to make it appear that Plaintiff Meister was making off with a carload of stolen money from the Illinois State Capitol, clearly implying that he was somehow engaged in theft of public funds.

20.     On October 7, 2014, less than ninety (90) days after the Photograph was created and first published on the Yingling website, the United States Copyright Office issued Plaintiff Galvin a certificate of registration for the Photograph which copyright is effective retroactive to the date that the Photograph was created, August 16, 2014 pursuant to 17 USC § 411. (A copy of the Certificate of Registration is attached hereto as Exhibit C).

21.     Defendants did not obtain permission to use the Photograph. Rather, through electronic means, Defendants took the Photograph from Mr. Yingling's website.

22.     By using the Photograph without Plaintiff Galvin's permission, Defendants purposefully and willfully infringed upon his copyright.

23.     Defendants additionally did not obtain Plaintiff Meister's permission to use his image in the mailer.

4

24.     The mailing and publication of the Photograph for the Defendants' benefit constituted defamation and an invasion of Plaintiff Meister's right of privacy.

## COUNT I
## COPYRIGHT INFRINGEMENT - ILLINOIS REPUBLICAN PARTY

25.     Plaintiffs reassert and reallege paragraphs 1-24 of the General Allegations as their paragraph 25 of Count I as though fully set forth herein.

26.     At all relevant times herein, Plaintiff Galvin owned the copyright of the Photograph.

27.     At all relevant times herein, Defendant Illinois Republican Party intentionally authorized, printed and mailed several thousands of the Flyers using two copies of the Photograph without Plaintiff Galvin's permission in violation of the U.S. Copyright Act, 17 U.S.C. § 501.

28.     As a result of Defendant Illinois Republican Party's willful, intentional and deliberate acts of infringement, Plaintiff Galvin is entitled to an award of statutory damages for each act of infringement in addition to costs and attorney's fees.

WHEREFORE, Plaintiff Galvin, prays for judgment against Defendant Illinois Republican Party as follows:

A.      For statutory damages for the maximum amount for each act of infringement;

B.      Plus attorney's fees;

C.      Plus Costs; and

D.      For such other relief as this Court may deem just and proper.

## COUNT II
## COPYRIGHT INFRINGEMENT - ILLINOIS HOUSE REPUBLICAN ORGANIZATION

29.     Plaintiff Galvin reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 29 of Count II as though fully set forth herein.

30.     At all relevant times herein, Plaintiff Galvin owned a copyright of the Photograph.

31.     At all relevant times herein, Defendant IHRO, intentionally authorized, printed and mailed several thousands of the Flyers using two copies of the Photograph without Plaintiff Galvin's permission in violation of the U.S. Copyright Act, 17 U.S.C § 501.

32.     As a result of Defendant IHRO's willful, intentional and deliberate acts of infringement, Plaintiff Galvin is entitled to an award of statutory damages for each act of infringement in addition to costs and attorney's fees.

WHEREFORE, Plaintiff Galvin, prays for judgment against Defendant IHRO as follows:

A.      For statutory damages in the maximum amount for each act of infringement;

B.      Plus attorney's fees;

C.      Plus costs; and

D.      For such other relief as this Court may deem just and proper.

## COUNT III
## COPYRIGHT INFRINGEMENT - RODERICK DROBINSKI

33.     Plaintiff Galvin reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 33 of Count III as though fully set forth herein.

34.     At all relevant times herein, Plaintiff Galvin owned a copyright of the Photograph.

35.    Defendant Drobinski intentionally authorized, printed and mailed several thousands of the Flyers using two copies of the Photograph without Plaintiff Galvin's permission in violation of the U.S. Copyright Act, 17 U.S.C. § 501.

36.    As a result of Defendant Drobinski's willful, intentional and deliberate acts of infringement, Plaintiff Galvin is entitled to an award of statutory damages for each act of infringement in addition to costs and attorney's fees.

WHEREFORE, Plaintiff Galvin prays for judgment against Defendant Drobinski as follows:

A.    For statutory damages in the maximum amount for each act of infringement;

B.    Plus attorney's fees;

C.    Plus costs; and

D.    For such other relief as this Court may deem just and proper.

## COUNT IV
## COPYRIGHT INFRINGEMENT - FRIENDS OF ROD DROBINSKI

37.    Plaintiff Galvin reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 37 of Count IV as though fully set forth herein.

38.    At all relevant times herein, Plaintiff Galvin owned a copyright of the Photograph.

39.    Defendant Friends intentionally authorized, printed and mailed several thousands of the Flyers using two copies of the Photograph without Plaintiff Galvin's permission in violation of the U.S. Copyright Act, 17 U.S.C. § 501.

40.     As a result of Defendant Friends' willful, intentional and deliberate acts of infringement, Plaintiff Galvin is entitled to an award of statutory damages for each act of infringement in addition to costs and attorney's fees.

WHEREFORE, Plaintiff Galvin prays for judgment against Defendant Friends as follows:

A.      For statutory damages in the maximum amount for each act of infringement;

B.      Plus attorney's fees;

C.      Plus costs; and

D.      For such other relief as this Court may deem just and proper.

### COUNT V
### COPYRIGHT INFRINGEMENT - JAMESTOWN ASSOCIATES, LLC

41.     Plaintiff Galvin reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 41 of Count V as though fully set forth herein.

42.     At all relevant times herein, Plaintiff Galvin owned a copyright of the Photograph.

43.     Defendant Jamestown intentionally authorized, printed and mailed several thousands of the Flyers using two copies of the Photograph without Plaintiff Galvin's permission in violation of the U.S. Copyright Act, 17 U.S.C. § 501.

44.     As a result of Defendant Jamestown's willful, intentional and deliberate acts of infringement, Plaintiff Galvin is entitled to an award of statutory damages for each act of infringement in addition to costs and attorney's fees.

WHEREFORE, Plaintiff Galvin prays for judgment against Defendant Jamestown as follows:

A.      For statutory damages in the maximum amount for each act of infringement;

    B.      Plus attorney's fees;

    C.      Plus costs; and

    D.      For such other relief as this Court may deem just and proper.

**COUNT VI**
**COPYRIGHT INFRINGEMENT - MAJORITY STRATEGIES, INC.**

45.    Plaintiff Galvin reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 45 of Count VI as though fully set forth herein.

46.    At all relevant times herein, Plaintiff Galvin owned a copyright of the Photograph.

47.    Defendant Majority intentionally authorized, printed and mailed several thousands of the Flyers using two copies of the Photograph without Plaintiff Galvin's permission in violation of the U.S. Copyright Act, 17 U.S.C. § 501.

48.    As a result of Defendant Majority's willful, intentional and deliberate acts of infringement, Plaintiff Galvin is entitled to an award of statutory damages for each act of infringement in addition to costs and attorney's fees.

WHEREFORE, Plaintiff Galvin prays for judgment against Defendant Majority as follows:

    A.      For statutory damages in the maximum amount for each act of infringement:

    B.      Plus attorney's fees;

    C.      Plus costs; and

    D.      For such other relief as this Court may deem just and proper.

**COUNT VII**
**CIVIL CONSPIRACY – ALL DEFENDANTS**

49.    Plaintiff Galvin reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 49 of Count VII as though fully set forth herein.

50.     The Defendants, and each and every one of them, agreed to send out the Flyer with the Photograph of Plaintiff Meister.

51.     By mailing out the Flyer, the Defendants agreed to infringe upon Plaintiff Galvin's copyright.

52.     The Defendants mailed the Flyer with the Photograph to several thousand Illinois residents.

53.     As a result of Defendants' willful, intentional and deliberate acts, Plaintiff Galvin's copyright was infringed.

WHEREFORE, Plaintiff Galvin requests judgment against all Defendants as follows:

A.  For compensatory damages in an amount in excess of $150,000.00;

B.  Plus punitive damages in an amount in excess of $500,000.00;

C.  Plus attorney's fees;

D.  Plus costs; and

E.  For such other relief as this Court may deem just and proper.

## COUNT VIII
## APPROPRIATION OF IMAGE - ILLINOIS REPUBLICAN PARTY

54.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 54 of Count VIII as though fully set forth herein.

55.     At all relevant times herein, Defendant Illinois Republican Party used Plaintiff Meister's image in the Flyer.

56. At all relevant times, the use of Plaintiff Meister's image was for Defendant Illinois Republican Party's own benefit in advertising for Roderick Drobinski as a candidate for the Illinois House of Representatives.

57. Plaintiff Meister never consented to the use of his image in Defendant Illinois Republican Party's advertisement.

58. As a direct and proximate result of Defendant Illinois Republican Party's appropriation, Plaintiff Meister suffered harm to his interest in privacy.

59. The acts of defendant Illinois Republican Party were knowing and intentional and evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister prays for judgment against Defendant Illinois Republican Party as follows:

A. For compensatory damages in an amount in excess of $150,000.00;

B. Plus punitive damages in an amount in excess of $500,000.00;

C. Plus attorney's fees;

D. Plus costs; and

E. For such other relief as this Court may deem just and proper.

## COUNT IX
## APPROPRIATION OF IMAGE - ILLINOIS HOUSE REPUBLICAN ORGANIZATION

60. Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 60 of Count IX as though fully set forth herein.

61. At all relevant times herein, Defendant IHRO used Plaintiff Meister's image in the Flyer.

62.     At all relevant times, the use of Plaintiff Meister's image was for Defendant IHRO's own benefit in advertising for Roderick Drobinski as a candidate for the Illinois House of Representatives.

63.     Plaintiff Meister never consented to the use of his image in Defendant IHRO's advertisement.

64.     As a direct and proximate result of Defendant IHRO's appropriation, Plaintiff Meister suffered harm to his interest in privacy.

65.     The acts of Defendant IHRO were knowing and intentional and evidenced a wanton disregard for Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister prays for judgment against Defendant IHRO as follows:

A.      For compensatory damages in an amount in excess of $150,000.00;

B.      Plus punitive damages in an amount in excess of $500,000.00;

C.      Plus attorney's fees;

D.      Plus costs; and

E.      For such other relief as this Court may deem just and proper.

### COUNT X
### APPROPRIATION OF IMAGE - ROD DROBINSKI

66.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 66 of Count X as though fully set forth herein.

67.     At all relevant times herein, Defendant Drobinski used Plaintiff Meister's image in the Flyer.

68.     At all relevant times, the use of Plaintiff Meister's image was for Defendant Drobinski's own benefit in advertising for Roderick Drobinski as a candidate for the Illinois House of Representatives.

69.     Plaintiff Meister never consented to the use of his image in Defendant Drobinski's advertisement.

70.     As a direct and proximate result of Defendant Drobinski's appropriation, Plaintiff Meister suffered harm to his interest in privacy.

71.     The acts of Defendant Drobinski were knowing and intentional and evidenced a wanton disregard for Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister prays for judgment against Defendant Drobinski as follows:

    A.     For compensatory damages in an amount in excess of $150,000.00;

    B.     Plus punitive damages in an amount in excess of $500,000.00;

    C.     Plus attorney's fees;

    D.     Plus costs; and

    E.     For such other relief as this Court may deem just and proper.

## COUNT XI
## APPROPRIATION OF IMAGE - FRIENDS OF ROD DROBINSKI

72.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 72 of Count XI as though fully set forth herein.

73.     At all relevant times herein, Defendant Friends used Plaintiff Meister's image in the Flyer.

74.     At all relevant times, the use of Plaintiff Meister's image was for Defendant Friends' own benefit in advertising for Roderick Drobinski as a candidate for the Illinois House or Representatives.

75.     Plaintiff Meister never consented to the use of his image in Defendant Friends advertisement.

76.     As a direct and proximate result of Defendant Friends' appropriation, Plaintiff Meister suffered harm to his interest in privacy.

77.     The acts of Defendant Friends were knowing and intentional and evidenced a wanton disregard for Plaintiff Meister's reputation, character and feelings.

WHEREFORE, Plaintiff Meister prays for judgment against Defendant Friends as follows:

     A.     For compensatory damages in an amount in excess of $150,000.00;

     B.     Plus punitive damages in an amount in excess of $500,000.00;

     C.     Plus attorney's fees;

     D.     Plus costs; and

     E.     For such other relief as this Court may deem just and proper.

## COUNT XII
## APPROPRIATION OF IMAGE - JAMESTOWN ASSOCIATES, LLC

78.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 78 of Count XII as though fully set forth herein.

79.     At all relevant times herein, Defendant Jamestown used Plaintiff Meister's image in the Flyer.

80.     At all relevant times, the use of Plaintiff Meister's image was for Defendant Jamestown's own benefit in advertising for Roderick Drobinski as a candidate for the Illinois House of Representatives.

81.     Plaintiff Meister never consented to the use of his image in Defendant Jamestown's advertisement.

82.     As a direct and proximate result of Defendant Jamestown's appropriation, Plaintiff Meister suffered harm to his interest in privacy.

83.     The acts of Defendant Jamestown were knowing and intentional and evidenced a wanton disregard for Plaintiff Meister's reputation, character and feelings.

WHEREFORE, Plaintiff Meister prays for judgment against Defendant Jamestown Associates as follows:

A.     For compensatory damages in an amount in excess of $150,000.00;

B.     Plus punitive damages in an amount in excess of $500,000.00;

C.     Plus attorney's fees;

D.     Plus costs; and

E.     For such other relief as this Court may deem just and proper.

### COUNT XIII
### APPROPRIATION OF IMAGE - MAJORITY STRATEGIES, INC.

84.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 84 of Count XIII as though fully set forth herein.

85.     At all relevant times herein, Defendant Majority used Plaintiff Meister's image in the Flyer.

86.     At all relevant times, the use of Plaintiff Meister's image was for Defendant Majority's own benefit in advertising for Roderick Drobinski as a candidate for Illinois House of Representatives.

87.     Plaintiff Meister never consented to the use of his image in Defendant Majority's advertisement.

88.     As a direct and proximate result of Defendant Majority's appropriation, Plaintiff Meister suffered harm to his interest in privacy.

89.     The acts of Defendant Majority were knowing and intentional and evidenced a wanton disregard for Plaintiff Meister's reputation, character and feelings.

WHEREFORE, Plaintiff Meister prays for judgment against Defendant Majority as follows:

A.     For compensatory damages in an amount in excess of $150,000.00;

B.     Plus punitive damages in an amount in excess of $500,000.00;

C.     Plus attorney's fees;

D.     Plus costs; and

E.     For such other relief as this Court may deem just and proper.

## COUNT XIV
## FALSE LIGHT - ILLINOIS REPUBLICAN PARTY

90.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 90 of Count XIV as though fully set forth herein.

91.     In the Flyer that was sent out to thousands of Illinois residents, Defendant Illinois Republican Party included two copies of the Photograph.

16

92.     The Photograph was electronically altered to make it appear as if Plaintiff Meister were driving off with a carload of stolen money from the Illinois State Capitol, implying that he was engaged in theft of public funds.

93.     By altering the Photograph as set forth in paragraph 87, Defendant Illinois Republican Party placed Plaintiff Meister in a false light before the public.

94.     The false light in which Plaintiff Meister was placed by the Photograph would be highly offensive to a reasonable person.

95.     Defendant Illinois Republican Party knew of the falsity of the alterations in the Photograph and the false light in which Plaintiff Meister would be placed by publication of the Photograph.

96.     As a result of the publication of the Flyer with the Photograph, Plaintiff Meister suffered injury to his reputation.

97.     The acts of Defendant Illinois Republican Party evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Illinois Republican Party as follows:

A.     For compensatory damages in an amount in excess of $150,000.00;

B.     Plus punitive damages in an amount in excess of $500,000.00;

C.     Plus attorney's fees;

D.     Plus costs; and

E.     For such other relief as this Court may deem just and proper.

## COUNT XV
## FALSE LIGHT - ILLINOIS HOUSE REPUBLICAN ORGANIZATION

98.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 98 of Count XV as though fully set forth herein.

99.     In the Flyer that was sent out to thousands of Illinois residents, Defendant IHRO included two copies of the Photograph of Plaintiff Meister.

100.    The Photograph was electronically altered to make it appear as if Plaintiff Meister were driving off with a carload of stolen money from the Illinois State Capitol, implying that he was engaged in theft of public funds.

101.    By altering the Photograph as set forth in paragraph 95, Defendant IHRO placed Plaintiff Meister in a false light before the public.

102.    The false light in which Plaintiff Meister was placed by the Photograph would be highly offensive to a reasonable person.

103.    Defendant IHRO knew of the falsity of the alterations in the Photograph and the false light in which Plaintiff Meister would be placed by publication of the Photograph.

104.    As a result of the publication of the Flyer with the Photograph, Plaintiff Meister suffered injury to his reputation.

105.    The acts of Defendant IHRO evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant IHRO as follows:

A.      For compensatory damages in an amount in excess of $150,000.00;

B.      Plus punitive damages in an amount in excess of $500,000.00;

C.     Plus attorney's fees;

D.     Plus costs; and

E.     For such other relief as this Court may deem just and proper.

## COUNT XVI
## FALSE LIGHT - RODERICK DROBINSKI

106.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 106 of Count XVI as though fully set forth herein.

107.     In the Flyer that was sent out to thousands of Illinois residents, Defendant Drobinski included two copies of the Photograph of Plaintiff Meister.

108.     The Photograph was electronically altered to make it appear as if Plaintiff Meister were driving off with a carload of stolen money from the Illinois State Capitol, implying that he was engaged in theft of public funds.

109.     By altering the Photograph as set forth in paragraph 103, Defendant Drobinski placed Plaintiff Meister in a false light before the public.

110.     The false light in which Plaintiff Meister was placed by the Photograph would be highly offensive to a reasonable person.

111.     Defendant Drobinski knew of the falsity of the alterations in the Photograph and the false light in which Plaintiff Meister would be placed by publication of the Photograph.

112.     As a result of the publication of the Flyer with the Photograph, Plaintiff Meister suffered injury to his reputation.

113.     The acts of Defendant Drobinski evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

19

WHEREFORE, Plaintiff Meister requests judgment against Defendant Drobinski as follows:

       A.     For compensatory damages in an amount in excess of $150,000.00;

       B.     Plus punitive damages in an amount in excess of $500,000.00;

       C.     Plus attorney's fees;

       D.     Plus costs; and

       E.     For such other relief as this Court may deem just and proper.

## COUNT XVII
## FALSE LIGHT - FRIENDS OF ROD DROBINSKI

114.    Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 114 of Count XVII as though fully set forth herein.

115.    In the Flyer that was sent out to thousands of Illinois residents, Friends included two copies of the Photograph of Plaintiff Meister.

116.    The Photograph was electronically altered to make it appear as if Plaintiff Meister were driving off with a carload of stolen money from the Illinois State Capitol, implying that he was engaged in theft of public funds.

117.    By altering the Photograph as set forth in paragraph 111, Defendant Friends placed Plaintiff Meister in a false light before the public.

118.    The false light in which Plaintiff Meister was placed by this Photograph would be highly offensive to a reasonable person.

119.    Defendant Friends knew of the falsity of the alterations in the Photograph and the false light in which Plaintiff Meister would be placed by publication of the Photograph.

120.    As a result of the publication of the Flyer with the Photograph, Plaintiff Meister suffered injury to his reputation.

121.    The acts of Defendant Friends evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Friends as follows:

A.    For compensatory damages in an amount in excess of $150,000.00;

B.    Plus punitive damages in an amount in excess of $500,000.00;

C.    Plus attorney's fees;

D.    Plus costs; and

E.    For such other relief as this Court may deem just and proper.

## COUNT XVIII
## FALSE LIGHT - JAMESTOWN ASSOCIATES, LLC

122.    Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 122 of Count XVIII as though fully set forth herein.

123.    In the Flyer that was sent out to thousands of Illinois residents, Defendant Jamestown included two copies of the Photograph of Plaintiff Meister.

124.    The Photograph was electronically altered to make it appear as if Plaintiff Meister were driving off with a carload of stolen money from the Illinois State Capitol, implying that he was engaged in theft of public funds.

125.    By altering the Photograph as set forth in paragraph 119, Defendant Jamestown placed Plaintiff Meister in a false light before the public.

126.    The false light in which Plaintiff Meister was placed by the Photograph would be highly offensive to a reasonable person.

127.    Defendant Jamestown knew of the falsity of the alterations in the Photograph and the false light in which Plaintiff Meister would be placed by publication of the Photograph.

128.    As a result of the publication of the Flyer with the Photograph, Plaintiff Meister suffered injury to his reputation.

129.    The acts of Defendant Jamestown evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Jamestown as follows:

A.      For compensatory damages in an amount in excess of $150,000.00;

B.      Plus punitive damages in an amount in excess of $500,000.00;

C.      Plus attorney's fees;

D.      Plus costs; and

E.      For such other relief as this Court may deem just and proper.

## COUNT XIX
## FALSE LIGHT - MAJORITY STRATEGIES, INC.

130.    Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 130 of Count XIX as though fully set forth herein.

131.    In the Flyer that was sent out to thousands of Illinois residents, Defendant Majority included two copies of the Photograph.

132. The Photograph was electronically altered to make it appear as if Plaintiff Meister were driving off with a carload of stolen money from the Illinois State Capitol, implying that he was engaged in theft of public funds.

133. By altering the Photograph as set forth in paragraph 127, Defendant Majority placed Plaintiff Meister in a false light before the public.

134. The false light in which Plaintiff Meister was placed by this Photograph would be highly offensive to a reasonable person.

135. Defendant Majority knew of the falsity of the alterations in the Photograph and the false light in which Plaintiff Meister would be placed by publication of the Photograph.

136. As a result of the publication of the Flyer with the Photograph, Plaintiff Meister suffered injury to his reputation.

137. The acts of Defendant Majority evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Majority as follows:

A.    For compensatory damages in an amount in excess of $150,000.00;

B.    Plus punitive damages in an amount in excess of $500,000.00;

C.    Plus attorney's fees;

D.    Plus costs; and

E.    For such other relief as this Court may deem just and proper.

## COUNT XX
## DEFAMATION - ILLINOIS REPUBLICAN PARTY

138.    Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 138 of Count XX as though fully set forth herein.

139.    By sending out an advertisement with an altered version of the Photograph depicting Plaintiff Meister driving off with a carload of stolen money from the Illinois State Capitol, Defendant Illinois Republican Party made a defamatory statement about Plaintiff Meister.

140.    Defendant Illinois Republican Party published this statement by mailing out thousands of such advertisements to Illinois residents.

141.    At the time of the publication, Defendant Illinois Republican Party knew that the statement was false and defamed Plaintiff Meister.

142.    As a result of the publication of the defamatory statement, Plaintiff Meister suffered injury to his reputation.

143.    The acts of Defendant Illinois Republican Party were knowing and intentional and evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Illinois Republican Party as follows:

      A.    For compensatory damages in an amount in excess of $150,000.00;

      B.    Plus punitive damages in an amount in excess of $500,000.00;

      C.    Plus attorney's fees;

      D.    Plus costs; and

      E.    For such other relief as this Court may deem just and proper.

## COUNT XXI
## DEFAMATION - ILLINOIS HOUSE REPUBLICAN ORGANIZATION

144.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 144 of Count XXI as though fully set forth herein.

145.     By sending out an advertisement with an altered version of the Photograph depicting Plaintiff Meister driving off with a carload of stolen money from the Illinois State Capitol, Defendant IHRO made a defamatory statement about Plaintiff Meister.

146.     Defendant IHRO published this statement by mailing out thousands of such advertisements to Illinois residents.

147.     At the time of the publication, Defendant IHRO knew that the statement was false and defamed the Plaintiff.

148.     As a result of the publication of the defamatory statement, Plaintiff Meister suffered injury to his reputation.

149.     The acts of Defendant IHRO were knowing and intentional and evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant IHRO as follows:

A.     For compensatory damages in an amount in excess of $150,000.00;

B.     Plus punitive damages in an amount in excess of $500,000.00;

C     Plus attorney's fees;

D.     Plus costs; and

E.     For such other relief as this Court may deem just and proper.

## COUNT XXII
## DEFAMATION - ROD DROBINSKI

150.    Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 150 of Count XXII as though fully set forth herein.

151.    By sending out an advertisement with an altered version of the Photograph depicting Plaintiff Meister driving off with a carload of stolen money from the Illinois State Capitol, Defendant Drobinski made a defamatory statement about Plaintiff Meister.

152.    Defendant Drobinski published this statement by mailing out thousands of such advertisements to Illinois residents.

153.    At the time of the publication, Defendant Drobinski knew that the statement was false and defamed the Plaintiff.

154.    As a result of the publication of the defamatory statement, Plaintiff Meister suffered injury to his reputation.

155.    The acts of Defendant Drobinski were knowing and intentional and evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Drobinski as follows:

A.    For compensatory damages in an amount in excess of $150,000.00;

B.    Plus punitive damages in an amount in excess of $500,000.00:

C.    Plus attorney's fees;

D.    Plus costs; and

E.    For such other relief as this Court may deem just and proper.

## COUNT XXIII
## DEFAMATION - FRIENDS OF ROD DROBINSKI

156.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 156 of Count XXIII as though fully set forth herein.

157.     By sending out an advertisement with an altered version of the Photograph depicting Plaintiff Meister driving off with a carload of stolen money from the Illinois State Capitol, Defendant Friends made a defamatory statement about Plaintiff Meister.

158.     Defendant Friends published this statement by mailing out thousands of such advertisements to Illinois residents.

159.     At the time of the publication, Defendant Friends knew that the statement was false and defamed the Plaintiff.

160.     As a result of the publication of the defamatory statement, Plaintiff Meister suffered injury to his reputation.

161.     The acts of Defendant Friends were knowing and intentional and evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Friends as follows:

A.     For compensatory damages in an amount in excess of $150,000.00;

B.     Plus punitive damages in an amount in excess of $500,000.00;

C.     Plus attorney's fees;

D.     Plus costs; and

E.     For such other relief as this Court may deem just and proper.

## COUNT XXIV
## DEFAMATION - JAMESTOWN ASSOCIATES, LLC

162.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 162 of Count XXIV as though fully set forth herein.

163.     By sending out an advertisement with an altered version of the Photograph depicting Plaintiff Meister driving off with a carload of stolen money from the Illinois State Capitol, Defendant Jamestown made a defamatory statement about Plaintiff Meister.

164.     Defendant Jamestown published this statement by mailing out thousands of such advertisements to Illinois residents.

165.     At the time of the publication, Defendant Jamestown knew that the statement was false and defamed the Plaintiff.

166.     As a result of the publication of the defamatory statement, Plaintiff Meister suffered injury to his reputation.

167.     The acts of Defendant Jamestown were knowing and intentional and evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Jamestown as follows:

A.     For compensatory damages in an amount in excess of $150,000.00;

B.     Plus punitive damages in an amount in excess of $500,000.00;

C.     Plus attorney's fees;

D.     Plus costs; and

E.     For such other relief as this Court may deem just and proper.

28

## COUNT XXV
## DEFAMATION - MAJORITY STRATEGIES, INC.

168.     Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 168 of Count XXV as though fully set forth herein.

169.     By sending out an advertisement with an altered version of the Photograph depicting Plaintiff Meister driving off with a carload of stolen money from the Illinois State Capitol, Defendant Majority made a defamatory statement about Plaintiff Meister.

170.     Defendant Majority published this statement by mailing out thousands of such advertisements to Illinois residents.

171.     At the time of the publication, Defendant Majority knew that the statement was false and defamed the Plaintiff.

172.     As a result of the publication of the defamatory statement, Plaintiff Meister suffered injury to his reputation.

173.     The acts of Defendant Majority were knowing and intentional and evidenced a wanton disregard of Plaintiff Meister's reputation, character, and feelings.

WHEREFORE, Plaintiff Meister requests judgment against Defendant Majority as follows:

        A.     For compensatory damages in an amount in excess of $150,000.00;

        B.     Plus punitive damages in an amount in excess of $500,000.00;

        C.     Plus attorney's fees;

        D.     Plus costs; and

        E.     For such other relief as this Court may deem just and proper.

## COUNT XXVI
## CIVIL CONSPIRACY – ALL DEFENDANTS

174.    Plaintiff Meister reasserts and realleges paragraphs 1-24 of the General Allegations as his paragraph 174 of count XXVI as though fully set forth herein.

175.    The Defendants, and each and every one of them, agreed to send out the Flyer with the Photograph of Plaintiff Meister.

176.    By mailing out the Flyer, the Defendants agreed to tortiously invade Plaintiff Meister's privacy.

177.    The Defendants mailed the Flyer to several thousand Illinois residents.

178.    As a result of Defendants mailing out the Flyer with Plaintiff Meister's image, Plaintiff Meister has suffered injury to his reputation.

WHEREFORE, Plaintiff Meister requests judgment against all Defendants as follows:

A.    For compensatory damages in an amount in excess of $150,000.00;

B.    Plus punitive damages in an amount in excess of $500,000.00;

C.    Plus attorney's fees;

D.    Plus costs; and

E.    For such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby invoke their rights to trial by jury as to all counts and issues pled against the Defendants in this cause.

QUENTON GALVIN AND JACOB MEISTER

By: _____/s/ David A. Axelrod_____
                One of Plaintiffs' Attorneys

David A. Axelrod
Jason M. Kleinman
David A. Axelrod & Associates, PC
20 S. Clark Street, Suite 2200
Chicago, IL 60603
(312) 782-4600
(312) 782-3015 (Facsimile)
www.axelrodpc.com
daa@axelrodpc.com
jkleinman@axelrodpc.com